UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

VERNA S. AGE, *et al*

CRIMINAL ACTION

NO. 11-105-JJB

**RULING ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

This matter is before the Court on Defendant Verna Age's Motion for a Bill of Particulars (Doc. 124). The government has filed an opposition (Doc. 126). Oral argument is unnecessary.

**Factual Background**

A federal grand jury returned an indictment (Doc. 1) against Verna Age ("Age") on August 31, 2011 for Conspiracy to Defraud the United States and to Receive and Pay Health Care Kickbacks. The indictment tracked the statutory language and outlined Age's role in the Conspiracy.

A federal grand jury returned a superseding indictment (Doc. 63) on August 9, 2012. The superseding indictment, among other things, included an additional count against Age for Conspiracy to Commit Health Care Fraud and an additional count against Age for False Statements for Use in Determining Rights for Benefit and Payment by Medicare. The indictment tracked the statutory language and outlined Age's role in the new conspiracy count and the new false statements count.

Six weeks after the return of the superseding indictment, and less than two weeks before trial, Age filed her Motion for a Bill of Particulars ("the Bill"). Age asserts that the government fails to specify certain details in the indictment, and requests further particularization of the

1

details she describes as unspecific, to assist in preparing her defense, to prevent surprise at trial, and to protect against the potential for double jeopardy in the future.

The government asserts the motion is untimely and that no bill of particulars is warranted, as the superseding indictment and discovery in this case sufficiently place the Defendant on notice of the charges against her, allow her to prepare for trial, and enable her to plead double jeopardy in the event of a later prosecution for the same offense.

## **Discussion**

"[A]n indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charges against him, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). *See, e.g.*, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (finding that an indictment was sufficient when it set out the terms of the conspiracy, listed multiple overt acts committed by the defendant, and listed the substantive charges against the defendant). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *Montemayor*, 703 F.2d at 117.

The purpose of a bill of particulars is to inform the defendant of the charge against her with sufficient precision to enable her to prepare her defense. *Id*. However, "generalized discovery is not a permissible goal of a bill of particulars." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). The decision of whether to direct the government to file a bill of particulars is within the sound discretion of the trial judge." *Montemayor*, 703 F.2d at 117.

Here, the information contained in the indictment is sufficient to inform Age of the charges against her and to enable her to prevent future prosecutions for the same offenses. The

indictment contains a description of the elements of each offense. This language plainly tracks the statutory language for each offense. *See* 18 U.S.C. §§ 1347, 1349 (Conspiracy to Commit Health Care Fraud); 18 U.S.C. § 371 & 42 U.S.C. §§ 1320a–7b(b)(1)–(2) (Conspiracy to Defraud the United States and Receive and Pay Health Care Kickbacks); 18 U.S.C. § 2 & 42 U.S.C. § 1320a–7b(a)(2) (False Statements for Use in Determining Rights for Benefit and Payment by Medicare). Moreover, the indictment explicitly and clearly states the overt acts Age allegedly performed in furtherance of the conspiracies. The indictment also clearly describes the false statement and representation Age allegedly made. As such, the indictment is sufficient. *Montemayor*, 703 F.2d at 117. Here, Defendant is essentially seeking, through a bill of particulars, information that is more appropriately sought through discovery.

## Conclusion

Accordingly, Defendant's Motion for a Bill of Particulars (Doc. 124) is DENIED. Signed in Baton Rouge, Louisiana September 26, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**