UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LOUIS T. AGE, JR.

CRIMINAL ACTION

NO. 11-105—JJB

## RULING ON DEFENDANT'S MOTION FOR NEW TRIAL AND/OR FOR JUDGMENT OF ACQUITTAL

This matter is before the Court on Defendant Louis T. Age, Jr's ("Age") Motion for New Trial and/or for Judgment of Acquittal. (Doc. 253). The United States of America ("Government") has filed an opposition. (Doc. 311). Oral argument is not necessary. For the reasons herein, the Defendant's Motion for New Trial and/or Judgment of Acquittal is DENIED. (Doc. 253).

Age was indicted on one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and on one count of conspiracy to defraud the United States and to receive and pay healthcare kickbacks in violation of 18 U.S.C. § 371. On October 12, 2012, after a seven-day jury trial, the jury was unable to reach a verdict as to Age on either count. The matter was re-tried in March and after a five-day retrial, on March 29, 2013, the jury rendered its verdict, convicting Age on both counts.

Age has filed a motion[1] for a new trial and/or for judgment of acquittal, raising nine arguments in support. Age argues (1) the testimony of Cassandra Nero was exculpatory and should have been made available prior to trial; (2) the testimony of Gaynell Leal was exculpatory and should have been made available prior to trial; (3) the Government failed to turn over

---

[1] Although Age requested and was granted three extensions, Age failed to submit a supplemental brief in support of his motion.

1

required materials in discovery; (4) the tax return presented to Age during cross-examination was not previously produced; (5) the introduction of erroneous information in Government Exhibits 85 and 86 was unduly prejudicial and the corrected exhibits exacerbated the prejudice; (6) Age's Due Process right to obtain evidence was infringed by "pre-trial intimidation of witnesses" and by the "reading of Miranda warnings to potential defense witnesses"; (7) a jury of Age's peers was not seated; (8) the Court erred in failing to grant a longer continuance to Age when Age's attorney's father passed away; and (9) that insufficient time existed pre-trial to prepare for the defense. Age also adopted the grounds for a new trial and or judgment of acquittal pleaded by co-defendant Verna Age.

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court may set aside a guilty verdict and enter a judgment of acquittal, or if the jury has not returned a verdict, the court may still enter a judgment of acquittal. Fed. R. Crim. P. 29. A Rule 29 motion for acquittal "tests only the sufficiency of the evidence introduced at trial to support the crime charged." *United States v. Hope*, 487 F.3d 224, 225 (5th Cir. 2007). When considering the sufficiency of the evidence, the court must determine whether "a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994) (citation omitted). A reviewing court must assess "whether the trier of fact made a rational decision to convict or acquit, not whether the fact finder correctly determined the defendant's guilt or innocence." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995). However, the

2

court will reverse a conviction if the evidence "construed in favor of the verdict gives equal or nearly equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." *Id.* (citations and quotations omitted).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When considering a Rule 33 motion, the court "may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). However, a court may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005) (quotations and citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 118. Rule 33 motions are infrequently granted, "unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (quotations and citation omitted). The movant bears the burden of showing that a new trial is warranted. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997).

Cassandra Nero's Testimony & Gaynell Leal's Testimony

Age argues that the exculpatory testimony of both Cassandra Nero and Gaynell Leal was not previously available to Age. The Government asserts that despite Age's arguments, both Nero and Leal's testimony was available and it was not exculpatory. Because Age failed to provide a supplemental brief, the Court is unable to determine whether there is any merit to this argument.

3

Government's Discovery Obligations

Age argues that the Government failed to produce required materials in discovery, without identifying what documents the Government failed to produce. The Court is unable to make a determination as to this argument.

Tax Return

Age argues that a tax return document presented during cross-examination was not previously provided to the defense. The Government asserts that this tax return was part of the materials seized from South Louisiana Home Health and was provided to defense on April 19, 2012. Age further argues that this document should not have been used in support of the return of the indictment. However, the Government points out that this document was not referenced during the grand jury proceedings. Thus, Age's arguments have no merit.

Summary Exhibits

Age asserts that the erroneous information in Government Exhibits 85 and 86 was unduly prejudicial and the subsequent correction and withdrawal of these exhibits exacerbated the prejudice. The Court finds that this argument is without merit for several reasons. First, as the Government points out, when the Government learned of the errors, the Government disclosed this to defense counsel. The Government produced revised summary exhibits and its summary witness, Investigator Randy Henagan, explained the errors in his testimony. Age did not object to Henegan's testimony or the revised exhibits, and Age's counsel cross-examined Investigator Henegan about this issue. Moreover, during closing arguments, defense counsel argued that the summary exhibits should be ignored and this Court's jury instructions provided that the jury should only give summary exhibits the weight that the jury thought they deserved. Thus, the

Court is not persuaded that these exhibits or the correct exhibits and testimony regarding same prejudiced Age.

Right to Obtain Evidence

Age asserts that his Due Process right to obtain evidence in a criminal proceeding was infringed by (1) "pre-trial intimidation of witnesses" and (2) reading of Miranda warnings to potential defense witnesses. The Court finds that this argument is meritless. First, Age does not offer any support for his assertion that the Government engaged in any pre-trial intimidation of witnesses, and thus, the Court will not consider this argument. Second, none of the potential defense witnesses were read their Miranda warnings during the re-trial. During the first trial, this Court ordered that the witnesses who worked for Southeast Louisiana Home Health be advised of their rights by independent counsel. Only one witness who was advised chose not to testify during the first trial and the defense did not attempt to call this witness at the second trial.

Moreover, the United States Court of Appeals for the Fifth Circuit has approved the practice of a trial judge cautioning witnesses about his or her Fifth Amendment rights. *United States v. Wilcox*, 450 F.2d 1131, 1139 (5th Cir. 1971) ("Whether and to whatever extent it may be the duty of the trial judge to caution a witness about his Fifth Amendment rights, a careful one never hesitates."). Thus, the Court rejects Age's arguments.

Composition of the Jury

Age argues that a jury of his peers was not seated because it was not "calibrated to the composition of the jury pool." The Court is not persuaded by this argument for several reasons. First, Age did not object to the jury composition or selection process when the jury was seated. Second, the Supreme Court has found that the "Sixth Amendment requirement of a fair cross section on the venire is a means of assuring, not a *representative* jury (which the Constitution

does not demand), but an *impartial* one (which it does)." *Holland v. Illinois*, 493 U.S. 474, 480 (1990) (emphasis in original). There is no evidence or argument that the jury was not impartial. Thus, the Court rejects Age's argument.

<u>Length of Continuance and Defense's Preparation</u>

Age asserts that this Court erred in failing to grant a longer continuance after the death of his attorney's father. The Court is not persuaded by this argument. Defense counsel was made aware that as a condition of representing Age, the case would proceed to trial on March 20, 2013, a condition that defense counsel acknowledge in his motion to continue trial. (Doc. 213). Defense counsel's father became gravely ill on March 7, 2013 and the Court and the parties were informed on March 9, 2013 that his father had passed away. The Court continued the trial with jury selection on March 22, 2013 and opening statements on March 25, 2013.

The Court finds that defense counsel had adequate time to prepare for the trial. First, this trial was substantially similar to the previous trial and counsel had been enrolled for nearly eight weeks prior to trial. Additionally, counsel was fully aware that as a condition of representing Age, the trial would commence on March 20, 2013. Thus, any arguments that defense counsel had inadequate time to prepare are without merit.

Accordingly, Age's Motion for a New Trial and/or Judgment of Acquittal is DENIED. (Doc. 253).

Signed in Baton Rouge, Louisiana on June 25th, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**