UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 11-105-JJB

VERNA AGE

# RULING ON DEFENDANT'S MOTION FOR NEW TRIAL AND/OR FOR JUDGMENT OF ACQUITTAL

This matter is before the Court on a motion for a new trial and/or for judgment of acquittal by Defendant Verna Age ("Age") (Doc. 256, supporting memorandum Doc. 274). The United States of America ("Government") has filed an opposition. (Doc. 310). Oral argument is not necessary. For the reasons herein, the Court DENIES Age's Motion. (Doc. 256).

Age was indicted on one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 ("Count 1"), one count of conspiracy to defraud the United States and to receive and pay healthcare kickbacks in violation of 18 U.S.C. § 371 ("Count 2"), and one count of making false statements for use in determining rights for benefit and payment by Medicare in violation of 42 U.S.C. § 1320a-7b(a)(2) . On October 12, 2012, after a seven-day jury trial, the jury convicted Age of Count 2, acquitted Age of Count 3, and was unable to reach a verdict on Count 1. The matter was re-tried in March and after a five-day retrial, on March 29, 2013, the jury rendered its verdict, convicting Age on Count 1.

Age has filed a motion for a new trial and/or for judgment of acquittal, raising five arguments in support. Age argues (1) her conviction violates the Double Jeopardy Clause; (2) insufficient evidence to sustain a conspiracy conviction; (3) the Government introduced erroneous information in Exhibits 85 and 86 and its attempt to correct its error was insufficient;

(4) the Court's refusal to permit testimony from certain witnesses deprived Age of a proper defense; and (5) the Court abused its discretion by excluding memoranda.

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court may set aside a guilty verdict and enter a judgment of acquittal, or if the jury has not returned a verdict, the court may still enter a judgment of acquittal. Fed. R. Crim. P. 29. A Rule 29 motion for acquittal "tests only the sufficiency of the evidence introduced at trial to support the crime charged." *United States v. Hope*, 487 F.3d 224, 225 (5th Cir. 2007). When considering the sufficiency of the evidence, the court must determine whether "a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994) (citation omitted). A reviewing court must assess "whether the trier of fact made a rational decision to convict or acquit, not whether the fact finder correctly determined the defendant's guilt or innocence." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995). However, the court will reverse a conviction if the evidence "construed in favor of the verdict gives equal or nearly equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." *Id.* (citations and quotations omitted).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When considering a Rule 33 motion, the court "may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *United States v.*

*Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). However, a court may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005) (quotations and citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 118. Rule 33 motions are infrequently granted, "unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (quotations and citation omitted). The movant bears the burden of showing that a new trial is warranted. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997).

Double Jeopardy

Age argues that her conviction of Count 1, conspiracy to commit healthcare fraud, violates the prohibition against Double Jeopardy. Although Age's argument is unclear, Age seems to be arguing that because she was previously convicted on Count 2, conspiracy to defraud the United States and to pay or receive health care kickbacks, her subsequent conviction on Count 1 constitutes Double Jeopardy because there was only one conspiracy. However, as the Government points out, what Age does not appear to recognize is that she was indicted and convicted of violating two *distinct* conspiracy statutes.

Age points to *United States v. Rabhan*, 628 F.3d 200 (5th Cir. 2010) for support. In *Rabhan*, the defendant had pled guilty to a single count of conspiracy to violate 18 U.S.C. § 1014 in the Southern District of Georgia. *Rabhan*, 628 F.3d at 201. The defendant was subsequently charged in the Northern District of Mississippi for conspiracy to violate 18 U.S.C. § 1014 and §1344. *Id.* The charges related to false statements that the defendant had made in connection with applying for a bank loan. *Id.* The United States Court of Appeals for the Fifth Circuit found

3

that the conspiracy counts in both districts were not separate conspiracies but one conspiracy, and concluded that prosecuting the conspiracy count in the Mississippi court violated Double Jeopardy. *Id.*

This is not an analogous matter and in fact, this Court has already addressed and rejected the argument of whether conspiracy to commit health care fraud and a "kickback conspiracy" are duplicative. *United States v. Ngari*, 828 F.supp.2d 825, 830-31 (M.D. La. 2011). In *Ngari*, this Court found that each count required different elements of proof and thus, the counts were not duplicative. The Court finds no reason to upset its prior decision.

Additionally, Age also seems to argue that her acquittal "on the 'false statements' conspiracy in the first trial necessarily determined that she did not conspire to make false statements regarding Medicare claims." (Doc. 274 at 7). However, this argument has no merit for several reasons. First, Count 3 is not a "false statements" conspiracy, but a substantive false statements count. The fact that a jury was unable to find sufficient evidence that Age made false statements is irrelevant when determining whether there is sufficient evidence that Age participated in a conspiracy.

Accordingly, Age's argument that her conviction violates the prohibition against Double Jeopardy is without merit.

Sufficiency of the Evidence

Age next argues that there was insufficient evidence to show that she participated in the conspiracy. Age asserts that while co-defendants Dr. Michael Hunter, Mary Johnson, and Louis Age testified, none of the co-defendant testified about anything that would connect Age to the conspiracy. Additionally, no patient who testified at the trial identified Age. Age also argues that Ayanna Age's testimony does not show that Age participated in the conspiracy and at best, her

4

testimony "provided some evidence that [Age] may have known that there was some wrong doing at SLHH, but there is nothing in her testimony which supports a conclusion that any actions of [Age] were pursuant to an agreement to do anything." (Doc. 274 at 9).

However, the Court finds that the Government did present substantial evidence of her involvement in the conspiracy. First, while the Medicare beneficiaries did not identify Age, this is irrelevant because as Ayanna Age testified, Age signed forms completed by other employees and would sign recertifications. Additionally, Ayanna Age testified that Age trained others to falsify forms and to change the forms to make it appear that the beneficiaries qualified for home health. "An agreement between the other conspirators and the defendant need not be proved by direct evidence, but may be inferred from concert of action." *United States v. Magee*, 821 F.2d 234, 239 (5th Cir. 1987) (citation omitted). Here, Ayanna Age provided direct testimony that she, Age, and Louis Age were all part of the scheme.

Accordingly, there is sufficient evidence for a rational jury to find that Age conspired to commit health care fraud.

<u>The Government's Erroneous Exhibits</u>

Age argues that the Government's summary exhibits, Exhibits 85 and 86, contained errors and the Government's correction of the error after the defense rested prejudiced Age. However, as the Government points out, the Government informed defense counsel of the error and explained that it would withdraw the exhibits and call Agent Henegan[1] to explain the error and offer corrected exhibits. Age did not object to the testimony or the revised exhibits and both defense counsel cross-examined Agent Henegan thoroughly on this issue. During closing

---

[1] Although Age identifies Agent Henegan as Agent Brannigan, the Court presumes that Age intended to refer to Agent Henegan.

arguments, defense counsel argued to the jury that the summary exhibits were erroneous and to disregard them.

Additionally, the Court's jury instructions warned the jury to give the summary exhibits only the weight that the jury thought they deserved. Accordingly, the Court does not find that these exhibits so prejudiced Age as to warrant a new trial or a judgment of acquittal.

<u>The Court's Refusal to Permit Testimony of Witnesses</u>

The parties agreed, in an effort to streamline the trial, to identify the witnesses that they planned to call the next day the night before. Age argues that this Court erred in not permitting witnesses who were not on the "will call" list but on the "master" list to testify, despite being in the courthouse. However, the Government asserts, and the Court agrees, that this is not an accurate depiction of what occurred.

The Government rested in the early afternoon of Wednesday, March 27, 2013. The defense called one witness but did not have any other witnesses available. The Court granted the defendants' request to adjourn early and ordered the defendants to produce a list of witnesses whom they would be calling the following day. On Thursday, March 28, 2013, the defense attempted to call several witnesses who were not on the list that it provided to the Government. The Court did not permit these witnesses to testify. However, after hearing testimony from other witnesses, the Court informed the defendants that they could call witnesses the following day who were not on their list from the prior evening.

Although Age asserts that her daughter, Alexandra Age, was prevented from testifying on Thursday, March 28, she was permitted to testify on Friday, March 29. The defense chose not to call her.[2] Accordingly, this argument has no merit.

The Court's Exclusion of Memoranda

Finally, Age argues that this Court's "restictive [sic] interpretation of the 'heresay' [sic] rule" prevented her from authenticating and questioning a witness about a memorandum that Age purportedly prepared and disseminated to the staff. (Doc. 274 at 11). However, as the Government points out, this Court ordered the parties to exchange exhibits and file lists by March 8, 2013. Age did not file her list and moved after the jury was selected to adopt the pre-trial filings of Louis Age. After the jury was selected, Age's counsel provided the Government documents that were not on Louis Age's list and had not been provided to the Government.

The Court excluded these documents because the defense was unable to authenticate the documents and because Age had not complied with the Court's scheduling orders. Regardless, Age is unable to show that this memorandum, had it been admitted, was not hearsay. Age argues that it is a "business record" and thus, not hearsay. However, under the Federal Rules of Evidence, there is no business records exception. Federal Rule of Evidence 803(6) constitutes "Records of a Regularly Conducted Activity" and there is no evidence that this memorandum would have fallen within this exception.

Accordingly, the Court finds that Age's Motion for a New Trial and/or Judgment of Acquittal has no merit and is DENIED. (Doc. 256).

---

[2] The only witness that the Court explicitly precluded from testifying was a purported handwriting expert because the defense had not disclosed her qualifications or proposed testimony to the Government. However, Age does not argue that the exclusion of the handwriting expert was in error.

7

Signed in Baton Rouge, Louisiana on June 25th, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**